FILED

2008 Jan-10  AM 09:47
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| LARRY WILLIAMS, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )  Case No.:  2:07-CV-357-VEH |
| | ) |
| SHERIFF MIKE HALE, | ) |
| | ) |
|     Defendant. | ) |

---

## MEMORANDUM OPINION

## I.    INTRODUCTION AND BACKGROUND

Plaintiff Larry Williams ("Williams") brings this job discrimination case against Jefferson County Sheriff Mike Hale ("Hale"), individually and in his official capacity, pursuant to 42 U.S.C. § 1981.[1]  (Doc. #1 ¶ 3).  The pending motion is: Hale's Motion for Summary Judgment (Doc. #10) (the "Motion") filed on November 19, 2007.  In support of the Motion, Hale also filed a brief (Doc. #11) and an evidentiary submission (Doc. #12) on November 19, 2007.

Williams filed his opposition (Doc. #15) on December 10, 2007.  Hale filed his

---

[1]The complaint also references 42 U.S.C. § 1988, which is the attorney's fees provision applicable to civil rights cases under Title 42.

reply (Doc. #16) on December 21, 2007.  For the reasons stated hereinafter, Hale's

Motion is due to be **GRANTED**.

## II.    SUMMARY JUDGMENT STANDARD

Summary judgment is proper when there is no genuine issue of material fact

and the moving party is entitled to judgment as a matter of law.  Fed. R .Civ. P. 56.

All reasonable doubts about the facts and all justifiable inferences are resolved in

favor of the nonmovant.  *See Fitzpatrick v. City of Atlanta*, 2 F.3d 1112, 1115 (11th

Cir. 1993).  A dispute is genuine "if the evidence is such that a reasonable jury could

return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 248 (1986).

A plaintiff in an employment discrimination case maintains the ultimate burden

of proving that the adverse employment decision was made because of intentional

discrimination.  *See Reeves v. Sanderson Plumbing Products, Inc.*, 530 U.S. 133, 134

(2000); *St. Mary's Honor Center v. Hicks*, 509 U.S. 502, 509-12 (1993); *Nix v. WLCY

Radio/Rahall Communications*, 738 F.2d 1181, 1184 (11th Cir. 1984).  Although the

Supreme Court previously established the basic allocation of burdens and order of

proof in a disparate treatment case, *McDonnell Douglas Corp. v. Green*, 411 U.S. 792

(1973); *Texas Dept. of Community Affairs v. Burdine*, 450 U.S. 248 (1981), as

modified by *Desert Palace v. Costa*, 539 U.S. 90 (2003), that allocation scheme

2

applies only in cases where there is no direct evidence of discrimination, *Grigsby v. Reynolds Metals Co.*, 821 F.2d 590, 595 (11th Cir. 1987).[2]

Under the *McDonnell Douglas/Burdine* framework, a plaintiff first has the burden of proving by a preponderance of evidence a *prima facie* case of discrimination. Once the plaintiff proves a *prima facie* case, the burden of production shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its employment decision. Finally, if the defendant carries its burden, the plaintiff must either prove by a preponderance of the evidence that the legitimate reasons offered by the defendant are merely a pretext for discrimination or present sufficient evidence, of any type, for a reasonable jury to conclude that discrimination was a "motivating factor" for the employment action, even though defendant's legitimate reason may also be true or have played some role in the decision. *McDonnell Douglas*, 411 U.S. at 802-05; *Burdine*, 450 U.S. at 252-54; *Desert Palace*, 539 U.S. at 101-02. The court is aware that the summary judgment rule applies in job discrimination cases just as in other cases. *Chapman v. AI Transport*, 229 F.3d 1012,

---

[2]Williams does not suggest anywhere in his opposition brief that he has direct evidence of race discrimination. (*See generally* Doc. #15). Similarly, in his complaint, he alleges consistent with a circumstantial evidence case that "[s]imilarly situated Caucasian employees have been treated more favorably than the Plaintiff in that they have not been disciplined in the manner Plaintiff was regarding illegal activities." (Doc. #1 ¶ 8).

1025 (11th Cir. 2000) (rejecting an earlier, contrary general rule and emphasizing that no thumb is to be placed on either side of the scale).

## III.   BRIEF STATEMENT OF MATERIAL FACTS[3]

This race discrimination lawsuit arises out of Williams's employment with the Jefferson County Sheriff's Office ("JSCO").  Williams, an African-American, was hired by JSCO on May 10, 1989.

On March 4, 2004, a citizen filed a complaint against Williams for three (3) incidents in which he allegedly made inappropriate sexual comments, touched and grabbed her between her legs, and tried to kiss her.  An investigation of the citizen complaint by JSCO ensued.

Williams takes issue with how JSCO handled the investigation and specifically how JSCO treated him, including placing him on an eighteen (18) day administrative leave without pay and taking him off patrol duty to work in the jail.  Williams's complaint does not seek any relief pursuant to 42 U.S.C. § 1983 for his claims of

---

[3]These are the facts for summary judgment purposes only.  They may not be the actual facts.  *See Cox v. Administrator U.S. Steel & Carnegie*, 17 F.3d 1386, 1400 (11th Cir. 1994) ("'[W]hat we state as 'facts' in this opinion for purposes of reviewing the rulings on the summary judgment motion [ ] may not be the actual facts'") (citation omitted).  Where the facts are in dispute, they are stated in the manner most favorable to the plaintiff.  *See Fitzpatrick*, 2 F.3d at 1115.  Any other facts referenced by the parties that require further clarification are dealt with later in the court's opinion.

alleged race discrimination against Hale.

## IV.   ANALYSIS

### A.     Williams's Failure to State a Claim

Despite Williams's allegations of discriminatory state action, Williams's complaint undisputedly makes no reference to § 1983.  However, the Supreme Court has made it clear that § 1983 is the exclusive means by which a plaintiff can pursue a federal damages remedy for violation of rights guaranteed by § 1981 when the claim is pursued against a state actor.  *Jett v. Dallas Independent School District*, 491 U.S. 701, 731, 735 (1989).  Relatedly, *Jett* reaffirmed that liability against a state agency for violation of § 1981 may not be based on a *respondeat superior* theory but must be redressed under § 1983 using the analysis in *Monell v. New York City Dep't of Social Services*, 436 U.S. 658, 691(1978).  *See also Butts v. County of Volusia*, 222 F.3d 891, 892 (11th Cir. 2000) ("We conclude the amendments did not change § 1981 and § 1983 contains the sole cause of action against state actors for violations of § 1981.") (footnote omitted).[4]   Therefore, in the absence of including § 1983 in his

---

[4]Williams's opposition on this issue cites to non-binding precedent from the Ninth Circuit, Second Circuit, and various district courts.  (Doc. #15 at 4-5).  However, this court is obligated to follow *Butts*, as it is controlling precedent from the Eleventh Circuit.  *Butts* closes the debated question of whether *Jett* remains good law within the Eleventh Circuit after the addition of subsection (c) to § 1981 in 1991, and answers it affirmatively (*i.e.*, *Butts* unequivocally clarifies that *Jett* is still binding law in the Eleventh Circuit).

complaint or moving to amend his complaint to include it, Williams has failed to state a claim against Hale in his official capacity.

The same reasoning applies to Williams's § 1981 claims against Hale in his individual capacity. *Jett* is clear that a claim for damages against a state actor for violation of rights contained in § 1981 must be redressed pursuant to the explicit remedial provisions of § 1983. *Jett*, 491 U.S. at 731 ("We think the history of the 1866 Act and the 1871 Act recounted above indicates that Congress intended that the explicit remedial provisions of § 1983 be controlling in the context of damages actions brought against state actors alleging violation of the rights declared in § 1981."); *see also Butts*, 222 F.3d at 893 ("*Jett* therefore determined § 1981 did not contain a cause of action against state actors.").  Therefore, the Supreme Court did not make a distinction between civil rights suits brought against persons acting pursuant to color of state law whether sued in their individual versus official capacity—both capacities require the presence of the remedial provision § 1983 to be viable.  Accordingly, in the absence of including § 1983 in his complaint or moving to amend his complaint to include it, Williams has also failed to state a claim against Hale in his individual capacity.

## B.    Hale's Alternative Grounds for Summary Judgment

In light of the court's ruling in favor of Hale as to his primary basis for

summary judgment, the court does not reach Hale's alternative grounds in support of his Motion.

## V.    CONCLUSION

As set forth above, Hale has met his burden on summary judgment of demonstrating the absence of any material factual dispute and entitlement to judgment as a matter of law.   Accordingly, Hale's Motion is due to be **GRANTED**, and Williams's case is due to be **DISMISSED WITH PREJUDICE**.   The court will enter a separate order.

**DONE** and **ORDERED** this 10th day of January, 2008.

**VIRGINIA EMERSON HOPKINS**
United States District Judge

7